Sales, 35 Cyc. p. 399, n. 35; p. 401, n. 40; p. 404, n. 49, 51.

---

### 17675. ATLANTIC COAST LINE RAILROAD COMPANY v. OUSLEY COMPANY.

STEPHENS, J. 1. Where a consignee refuses to accept goods from a carrier who offers delivery, it is the duty of the carrier to exercise due diligence in notifying the consignor of the consignee's refusal to accept the goods. *Alabama Great Southern R. Co.* v. *McKenzie;* 139 *Ga.* 410 (2)

Carriers, 10 C. J. p. 270, n. 25; p. 297, n. 71, 72.
Venue, 40 Cyc. p. 81, n. 80; p. 84, n. 94.

(77 S. E. 647, 45 L. R. A. (N. S.) 18); *American Sugar Refining Co.* v. *McGhee,* 96 *Ga.* 27 (21 S. E. 383). Where goods are consigned under an order-notify bill of lading, the consignor is not chargeable with notice of the failure of the order-notify consignee to accept the goods, and the carrier is under a duty to exercise due diligence in notifying the consignor of such failure of the order-notify consignee. Stoddard Lumber Co. *v.* Oregon-Washington R. &c. Co., 84 Or. 399 (165 Pac. 363, 4 A. L. R. 1275, and cit.).

2. Where, as a result of the carrier's failure to give such notice to the consignor, the goods deteriorate in value, to the damage of the consignor, the carrier is liable in damages therefor. Since, as respects an interstate shipment, the Carmack amendment fixes upon the initial carrier liability under the contract for the negligence of the delivering carrier, the petition, in a suit by the consignor against the initial carrier setting out the above facts, sets out a cause of action. See the case of Stoddard Lumber Co. *v.* Oregon-Washington R. &c. Co., supra.

3. Where the subject-matter of the suit was a carload of watermelons, and the petition described the car by its number and the road to which it belonged, and alleged the average weight of the melons, the petition alleged sufficient data by way of description of the property alleged to have been damaged, and the petition was not subject to demurrer because it failed to allege the number of watermelons in the car.

4. The bill of lading sued on and under which the shipment was made, although it was issued in exchange for another bill of lading, was issued in the county in which the suit was brought, and the court in which the suit was brought had jurisdiction.

5. The court did not err in overruling the demurrers to the petition.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 21, 1927.

Damages; from city court of Valdosta—Judge Cranford. September 15, 1926.

*Bennet & Branch, Copeland & Dukes,* for plaintiff in error.

*Little & Dickerson,* contra.